**Opinion issued July 11, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00494-CV**

———————————

**IN RE J. RAY RILEY, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, J. Ray Riley, has filed a petition for writ of mandamus asserting that the trial court abused its discretion by failing to rule on his motion for entry of judgment, which was filed February 11, 2022, and presented to the court at a hearing on the motion on May 4, 2022.[*] Relator has informed this Court that the trial court has entered final judgment.

---

[*]    The underlying case is *Riley v. Caridas*, Cause Number 2016-04629, pending in the 281st District Court of Harris County, Texas, the Honorable Christine Weems presiding.

This Court cannot decide a case that has become moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.). "If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Heckman*, 369 S.W.3d at 162. Because the trial court granted the requested relief, we must dismiss the mandamus proceeding as moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . ."); *In re Jackson*, No. 01-12-00020-CV, 2012 WL 405707, at *1 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, no pet.) (mem. op.) (dismissing petition for writ of mandamus as moot because relator had received requested relief).

Accordingly, we dismiss the petition for writ of mandamus as moot. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.